The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CUBBAGE,<br><br>                              Plaintiff,<br><br>vs.<br><br>THE TALBOTS, INC. and SMARTREPLY, INC.,<br><br>                              Defendants.<br><br>―――――――――――――――<br>THE TALBOTS, INC.,<br><br>                Cross-Claim Plaintiff,<br><br>v.<br><br>SMARTREPLY, INC.,<br><br>                Cross-Claim Defendant. | Case No. 2-09-00911-BHS<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>NOTED ON MOTION CALENDAR: MARCH 9, 2012 |

     THIS MATTER came before the Court for consideration of the Plaintiff's Motion for Preliminary Approval of Proposed Class Action. The Court, having considered the motion, the Joint Declaration of Rob Williamson and Kim Williams in support of the motion, the Settlement Agreement attached as Exhibit A to said Declaration and all other matters properly before the Court, hereby orders as follows:

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT--1
(Case No. 2-09-00911-BHS)

## I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement and Release ("Settlement Agreement") submitted in support of this motion.

2. The Court finds that the terms contained in the Settlement Agreement falls within the range of possible approval, and hereby grants preliminary approval of the Settlement Agreement, subject to final approval to be considered at the Final Settlement Approval Hearing set forth below.

3. Except as otherwise agreed to by the parties, all proceedings in this action shall be stayed pending the occurrence of the Effective Date or termination of the Settlement Agreement, except as to proceedings relating to the Settlement Agreement, including Plaintiff's Counsel's request for attorneys' fees and costs.

## II.    CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to the Settlement Agreement and for purposes of this settlement only, the Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who received a pre-recorded telephone message in the State of Washington from an automatic dialing and announcing device which contained a promotional or commercial message concerning The Talbots, Inc., during the period of time June 1, 2005 through and including Date of Settlement.

5. This certification is effective and binding only with respect to proceedings related to or encompassed by the Settlement Agreement. If the Settlement Agreement terminates for any reason, this certification shall be vacated by its terms and the Action shall revert to the status with respect to class certification that existed before execution of the Settlement Agreement. In such event, Defendants' stipulation to this Settlement Class in conjunction with the Settlement Agreement shall not be construed as or raise any presumption or inference of a concession or an admission as to the propriety of certification of this Settlement Class or any other.

### III.   APPROVING CLASS NOTICE

6. The Court approves the Claim Form and the Notices of Settlement of Class Action ("Class Notice"), substantially in the form of Exhibits A, C, and D of the Settlement Agreement.

7. Notice shall be provided to the Settlement Class by causing the Class Notice (Exhibit C to the Settlement Agreement) to be mailed to the last known address of all class members, to be completed not later than 45 days from the date of this Order. In addition the long form of Class Notice (Exhibit D to the Settlement Agreement) will be available on a website to be created and maintained by the Settlement Administrator.

8. The Court determines that the mailing and posting of notice will constitute the best notice practicable under the circumstances to the Settlement Class and will fully comply with Fed. R. Civ. Pro. 23, Washington Civil Rule 23 and the Washington State and United States Constitutions.

### IV.   CLAIMS

9. Subject to the terms and conditions set forth in the Settlement Agreement, all class members who make a timely, valid claim will be provided either an $80.00 Merchandise Certificate or $40.00 in cash, depending upon their election. Class Members who properly and timely submit a claim form but do not make a timely, unequivocal, and affirmative election to receive a check shall be issued a Merchandise Certificate.

### V.   REQUESTS FOR EXCLUSION

10. Members of the Settlement Class may request exclusion from the settlement by sending a completed Request for Exclusion (Exhibit E to the Settlement Agreement) to the Settlement Administrator no later than 60 days after the Notices described above are mailed and posted on the website. The date of a Request for Exclusion shall be the post-marked date of the request.

11.     All persons who submit valid Requests for Exclusion shall have no rights under the Settlement Agreement. All Class Members who do not request exclusion shall be bound by this Court's orders, including but not limited to the Final Order and Judgment.

## VI.     FINAL APPROVAL HEARING DATE AND RIGHT TO OBJECT TO SETTLEMENT

12.     A Final Approval Hearing will be held on 7/23/2012, at 2:00 PM at The Federal Courthouse for the Western District of Washington, 1717 Pacific Avenue, Tacoma, WA 98402, at which time the Court will determine, among other matters, whether the Settlement Agreement is fair, reasonable, and adequate. The Court may adjourn or continue the Final Approval Hearing without further notice to the Class.

13.     Any member of the Settlement Class who has not requested exclusion and who opposes approval of the Settlement Agreement has a right to appear at the Final Approval Hearing to show why the Settlement Agreement should not be approved. Any member of the Settlement Class who has not requested exclusion and who wishes to object to the Settlement Agreement must file with the Court and serve upon Plaintiff's counsel and Defendants' counsel a written notice of objection no later than twenty days prior to the Final Approval Hearing.

14.     The notice of objection should state the full name, address, and telephone number of the person objecting, the words "Notice of Objection" or "Formal Objection" and, in clear and concise terms, the legal and factual arguments supporting the objection. Only Class Members who have filed and served such notices of objection will be entitled to be heard at the Final Settlement Hearing, unless the Court orders otherwise.

15.     The Parties shall file any responses to objections no later than ten (10) days before the Final Approval Hearing.

## VII.   APPOINTMENT OF COUNSEL AND CLASS REPRESENTATIVE AND TIMING OF COUNSEL'S APPLICATION FOR ATTORNEY FEES

16. The Court, upon consideration of: (i) the work counsel has done in identified and investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) the resources counsel will commit to representing the class; (v) and other matters pertinent to counsel's ability to fairly and adequately represent the interest of the class, appoints the law firm of Williamson and Williams to represent the Settlement Class.  The Court also appoints James Cubbage as Class Representative.

17. In order that class members may review and, if they choose, object to the award of attorney fees which Class Counsel will request, the Petition for Approval of Fees must be filed and posted to the website referenced above no later than 75 days from the date of this Order.

## VIII.   OTHER PROVISIONS

18. Neither this Order, nor the Settlement Agreement, nor any of the terms or provisions thereto, nor any of the negotiations or proceedings connected with them, shall be referred to, offered as evidence, or received in evidence in any pending or future, civil, criminal, or administrative action or proceeding, except in a proceeding to enforce the Settlement Agreement.

19. Upon motion of the parties, the Court may, for good cause, extend any of the deadlines set forth in the Order without further notice to the Settlement Class.

20. Not later than ten (10) business days before the Final Approval Hearing, Class Counsel shall submit memoranda in support of the Court granting final approval and a motion under Fed. R. Civ. P. 54(d)(2) in support of their request for attorneys' fees and costs.

21. The calculation of any periods of time in this Order shall be made as provided under Fed. R. Civ. P. 6(a).

22.     Nothing in this Order shall affect in any way the publication or precedential value of any prior orders or decisions in this case, including the Court's decision on the Talbots' Motion for Summary Judgment dated July 7, 2010.

SO ORDERED this 12th day of March, 2012.

_____
BENJAMIN   H.   SETTLE
United States District Judge

Presented by:

WILLIAMSON & WILLIAMS

/s/Rob Williamson
Rob Williamson, WSBA #11387
Kim Williams, WSBA #9077
Attorney for Plaintiffs