UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CUBBAGE,<br><br>    Plaintiff,<br>v.<br><br>THE TALBOTS, INC., and SMARTREPLY, INC.,<br><br>    Defendants. | NO. C09-00911 BHS<br><br>FINAL ORDER AND JUDGMENT |

THIS MATTER has previously been considered by the Court which granted Plaintiff's Motion for Preliminary Approval of the settlement of the parties on March 12, 2012 (Dkt. #103) Plaintiff's motion for final approval of the Settlement Agreement and entry of a final order and judgment concluding this action is now before the Court. The Court having considered the arguments of the parties, the papers submitted in support thereof, and all other matters properly before the Court, hereby ORDERS that:

1. Except as specifically noted below, the Court for purposes of this Order adopts the definitions set forth in the Settlement Agreement unless otherwise defined below.

2. The Class means:

> All persons who received a pre-recorded telephone message in the State of Washington from an automatic dialing and announcing device that SmartReply transmitted or caused to be transmitted for or on behalf of Talbots, Inc., dba Limited Too or Justice during the period of time March 11, 2005 through and including Date of Settlement.

3.  Class Members means all persons who fall within the definition of the Class and who have not timely and properly requested exclusion. A list of those persons who have timely and properly requested exclusion from the Class is appended to this Final Order and Judgment as Attachment 1.

4.  This Court has jurisdiction over the subject matter of this Action and over all parties to the Settlement Agreement, including all Class Members.

5.  The notices to the Class given pursuant to the Court's order of preliminary approval constituted the best notice practicable under the circumstances to all potential members of the Class, and fully complied with Fed. R. Civ. P. 23(e)(1)(B).

6.  The settlement set forth in the Settlement Agreement is now hereby approved as fair, reasonable, and adequate to all parties and Class Members, pursuant to Fed. R. Civ. P. 23(e)(1).

7.  All Class Members (1) are bound by this Order, (2) are forever barred from instituting, maintaining, or prosecuting any claim, demand, judgments, damages, liabilities, action or cause of action of any nature, whether known or unknown, suspected or unsuspected, contingent or non-contingent, including any and all attorneys fees, costs, expenses, disbursements and interest which they may have or ever have had against Defendant (as defined in the Settlement Agreement) arising directly or indirectly out of the facts alleged or the claims raised in this Action, including the transmission or distribution of telephone messages by means of an automatic dialing and announcing device during the period of March 11, 2005, through the Date of Settlement as defined in the Settlement Agreement and Release, including but not limited to claims under RCW 80.36.400, the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, the Washington Consumer Protection Act, RCW 19.86 and/or similar state and federal statutes, laws, rules, and regulations, and (3) have released and discharged Defendant from any and all liability with respect to such claims, including but not limited to claims for attorneys' fees, costs, and expenses.

FINAL ORDER AND JUDGMENT - 2
Case No. C09-00911 BHS

8.	Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate or carry it out, shall be construed as or raise any presumption or inference of a concession or admission, or a waiver of any right, claim, or defense of any party to it or any Class Member, except insofar as such rights, claims, or defenses are expressly released or discharged by this Order.

9.	Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or carry it out shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in any proceeding to enforce the terms of the Settlement Agreement.

10.	The Court reserves jurisdiction over the parties to the settlement, including all Class Members, for purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

11.	The Court approves and directs that all class members, except those who chose to exclude themselves, who submitted a claim be mailed a Merchandise Certificate of $80.00 or cash of $40.00, based upon their election set forth in the claim form. The Court further directs that the class member who did not mark on the Claim Form what type of payment (cash or Merchandise Certificate) she chose, and the one who marked "Either," be mailed a Merchandise Certificate of $80.00. The Court further directs that the six individuals submitting claims who were not on the class list not be paid.

13.	The Court hereby approves an award of Class Counsel attorneys' fees and costs of $400,000.00 to be paid in the manner provided in the Settlement Agreement. This award is not a liability of Defendant except as provided in the Settlement Agreement.

14. The Court further hereby approves an incentive payment of $10,000 to Plaintiff James Cubbage to be paid as provided in the Settlement Agreement. This payment is not a liability of Defendants except as provided in the Settlement Agreement.

15. This Action is hereby DISMISSED WITH PREJUDICE.

16. The Court directs the Clerk to immediately enter this Final Order and Judgment.

DATED this 5th day of November, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge

## ATTACHMENT 1

**Cubbage v. Talbots**
**Exclusion Requests**

MB GOSSON
MARYROSE HENEBRY
ELIZABETH POTTER
WF POTTER
HANSA H. TOPIWALA
J LOIS JIMINEZ
DIANE BRANSON
MAXINE BUNDY
LOUISE A. VESEY
FEODORA C. STEDMAN
EILEEN M. SEVERNS
MARCELIA C. COLYER
ELIZABETH O. HOLT
FRANCES F. LUDEN
DEBORAH PETERS

FINAL ORDER AND JUDGMENT - 5
Case No. C09-00911 BHS